IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**RICK WOOLFOLK and EVA K. WOOLFOLK**                                    **PLAINTIFFS**

**V.**                                                               **NO. 3:19-CV-17-DMB-RP**

**DAVID A. RHODA**                                                         **DEFENDANT**

## ORDER

Before the Court are three motions to dismiss filed by David Rhoda. Docs. #4, #11, #28.

### I
### Procedural History

On December 12, 2018, Rick Woolfolk and Eva Woolfolk filed a complaint against David Rhoda in the Chancery Court of Panola County, Mississippi, regarding a contract for the sale of real property. Doc. #2. The complaint sought specific performance and a monetary judgment based on the "Defendant's failure and refusal to tender said deed … in direct violation of said Contract;" as well as punitive damages and attorney's fees based on alleged bad faith. *Id*. at 3–5. On January 28, 2019, Rhoda, asserting diversity jurisdiction, removed the state court action to the United States District Court for the Northern District of Mississippi. Doc. #1.

On February 1, 2019, Rhoda filed a motion dismiss for lack of personal jurisdiction, insufficient process, and insufficient service of process ("First Motion to Dismiss"). Doc. #4. Approximately three weeks later, following personal service of a federal court summons, Rhoda, citing Mississippi's three-year statute of limitations for contract actions, filed a motion to dismiss for failure to state a claim ("Second Motion to Dismiss"). Docs. #11, #12. On March 15, 2019, the Woolfolks moved to amend their complaint to specifically set forth allegations justifying

equitable estoppel, Doc. #13, and also filed an untimely response to the Second Motion to Dismiss, Doc. #15.

On April 8, 2019, United States Magistrate Judge Roy Percy granted the motion to amend and directed the Woolfolks to file "within seven days … their Amended Complaint in the same form as the proposed Amended Complaint for Specific Performance of Contract and for Damages, Etc. attached as Exhibit 'A' to the Motion [to Amend]." Doc. #20. The Woolfolks filed an amended complaint the next day which, in addition to specifying grounds for equitable estoppel, asserted an allegation of fraud not contained in the proposed amended complaint. Doc. #21.

On April 23, 2019, Rhoda filed a motion to strike the amended complaint as non-compliant with Judge Percy's order granting leave. Doc. #22. The motion also sought sanctions. *Id*. On May 9, 2019, Judge Percy granted the motion to strike, denied the request for sanctions, and directed the Woolfolks to file the amended complaint as originally directed. Doc. #26. The Woolfolks filed the amended complaint, as directed, on May 10, 2019. Doc. #27. Two weeks later, Rhoda filed a motion to dismiss for failure to state a claim ("Third Motion to Dismiss"), Doc. #28, which has been fully briefed.

## II
## First Motion to Dismiss

The First Motion to Dismiss seeks dismissal for lack of personal jurisdiction, insufficient process, and insufficient service of process because "Plaintiffs did not obtain effective service of the Complaint and Summons on Defendant David Rhoda …." Doc. #5 at 4. The Woolfolks contend that while their initial attempt at service was insufficient, Rhoda was personally and properly served with process on February 5, 2019. *See* Doc. #9 at PageID #83; *see* Doc. #9-2 at PageID #88. Rhoda does not dispute this argument.

Where a case has been removed prior to effective service, "process or service may be completed or new process issued in the same manner as in cases originally filed in [the] district court." 28 U.S.C. § 1448. Service in cases before the district courts is governed by Federal Rule of Civil Procedure 4. Of relevance here, Rule 4 provides that an individual may be served "in a judicial district of the United States by … delivering a copy of the summons and of the complaint to the individual personally …." Fed. R. Civ. P. 4(e)(2)(A).

The Woolfolks submitted a certificate of service stating that Rhoda was personally served with a copy of the summons and the complaint on February 5, 2019, in Pearcy, Arkansas. Doc. #8. Because there is no dispute that Rhoda was personally served or that Pearcy, Arkansas, is located in a judicial district of the United States, the First Motion to Dismiss is denied.

### III
### Second Motion to Dismiss

As a general rule, "[a]n amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994). Accordingly, the filing of an amended complaint will ordinarily moot a pending motion to dismiss unless the amended complaint "on its face" fails to address the alleged defects identified in the motion to dismiss. *See McIntyre v. City of Rochester*, 228 F. Supp. 3d 241, 241–42 (W.D.N.Y. 2017). Additionally, and of relevance here, a defendant may moot an earlier motion to dismiss by filing a second motion advancing "the same arguments raised in the [earlier] motion to dismiss." *Parsons v. City of Hous.*, No. H–10–4302, 2011 WL 5040452, at *2 n.3 (S.D. Tex. Oct. 24, 2011).

The Woolfolks amended complaint on its face addresses the statute of limitations argument raised in the Second Motion to Dismiss. *See* Doc. #27. And, the Third Motion to Dismiss, like

the Second Motion to Dismiss, raises a statute of limitations defense. *See* Doc. #29. Under these circumstances, the Second Motion to Dismiss is denied as moot.

## IV
## Third Motion to Dismiss

The Third Motion to Dismiss seeks dismissal under Federal Rule of Civil Procedure 12(b)(6) based on the applicable statute of limitations. Doc. #28.

### A. 12(b)(6) Standard

"To survive a Rule 12(b)(6) motion to dismiss, the complaint does not need detailed factual allegations, but it must provide the plaintiff's grounds for entitlement for relief—including factual allegations that, when assumed to be true, raise a right to relief above the speculative level." *Ruiz v. Brennan*, 851 F.3d 464, 468 (5th Cir. 2017). Under this standard, a court must "accept all well-pleaded facts as true." *New Orleans City v. Ambac Assurance Corp.*, 815 F.3d 196, 199–200 (5th Cir. 2016) (quotation marks omitted). "A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Alexander v. Wells Fargo Bank, N.A.*, 867 F.3d 593, 597 (5th Cir. 2017).

### B. Factual Allegations

On or about May 15, 2008, the Woolfolks, David Rhoda, and Charlotte Rhoda[1] executed an "Agreement to Sell Real Estate" in which the Rhodas contracted to sell to the Woolfolks a house and lot located at 308 Hightower Street, Sardis, Mississippi. Doc. #27 at ¶ 4. The sales contract called for an $80,000 purchase price to be offset by $5,000 in credit for repairs, and

---

[1] Charlotte Rhoda subsequently died and her rights in the property passed to David Rhoda. Doc. #27 at ¶ 4.

financed by $600 monthly payments. *See* Doc. #27-1.[2] The sales contract further provided that "[t]ime is of the essence for this Agreement" and that "[t]his contract shall be closed and the deed and possession shall be delivered on or before the 1st day of June, 2008, unless extended by other provisions of this contract." *Id*. at ¶¶ 13, 19.

The closing did not occur. Doc. #27 at ¶ 6. However, the Woolfolks took possession of the property and, consistent with the contract, made $600 monthly payments to Rhoda, which Rhoda accepted. *Id*. While the Woolfolks maintained possession of the property, Rhoda informed his banker that "the Woolfolks were purchasing [the] property" and "insist[ed]" that the Woolfolks pay the property taxes on the property. *Id*. According to the Woolfolks, these statements and actions caused them to believe "that they were operating under the provisions of [the] contract and that title to [the] property would be conveyed … upon payment of the purchase price." *Id*. at ¶ 6. The Woolfolks continued to make the monthly payments until October 2018, when "the entire sum of $70,000.00 had been paid …."[3] *Id*. at ¶ 7. After completing the payments, the Woolfolks requested the deed to the property but Rhoda refused to convey the deed. *Id*.

## C. Analysis

Under Mississippi law,[4] breach of contract actions and actions asserting the related tort of bad faith performance are governed by the three-year limitations period set forth in Miss. Code Ann. § 15-1-49. *See Hurst v. Sw. Miss. Legal Servs. Corp.*, 610 So. 2d 374, 383 (Miss. 1992) *overruled on other grounds by Rains v. Gardner*, 731 So. 2d 1192 (Miss. 1999); *Fletcher v. Lyles*,

---

[2] In deciding a motion to dismiss for failure to state a claim, a court may review documents attached to the complaint. *Cherry Knoll, L.L.C. v. Jones*, 922 F.3d 309, 312 n.3 (5th Cir. 2019).

[3] Because the initial balance on the contract was $75,000, the Court presumes the reference to $70,000 is a typographical error.

[4] "When … subject matter jurisdiction is based on diversity [courts] apply the substantive law of the forum state …." *84 Lumber Co. v. Cont'l Cas. Co.*, 914 F.3d 329, 333 (5th Cir. 2019) (quotation marks omitted).

999 So. 2d 1271, 1276 (Miss. 2009). "In a breach of contract claim, the cause of action accrues at the time of the breach." *Culpepper Enters. Inc. v. Parker*, 270 So. 3d 117, 126 (Miss. Ct. App. 2018). Claims premised on a bad faith breach also accrue at the time of breach. *Young v. S. Farm Bureau Life Ins. Co.*, 592 So. 2d 103, 107 (Miss. 1991).

Rhoda argues that any claim for failure to convey the deed accrued on the date of closing—June 1, 2008—to render any claim filed after June 1, 2011, outside the statute of limitations window. *See* Doc. #29 at 6. The Woolfolks do not dispute this general proposition of law but assert that the statute of limitations does not justify dismissal of their action because Rhoda is equitably estopped from raising the statute of limitations[5] defense based on (1) his statement to the banker; (2) the collection of the monthly payments; and (3) the insistence that they pay property taxes. *See* Doc. #31. Rhoda replies that the amended complaint establishes no grounds which would justify equitable estoppel because the Woolfolks have offered only "conjecture and speculation of a 'possibility' that … Rhoda engaged in misconduct designed and intended to induce and cause/prevent Plaintiffs from pursuing their alleged legal rights prior to the expiration of the three (3) year limitations period." Doc. #34 at 7–8.

> Equitable estoppel is generally defined as the principle by which a party is precluded from denying any material fact, induced by his words or conduct upon which a person relied, whereby the person changed his position in such a way that injury would be suffered if such denial or contrary assertion was allowed. It is an extraordinary remedy that should be applied with caution. And to apply it to a statute of limitations, inequitable or fraudulent conduct must be established.

---

[5] In a footnote, Rhoda argues the amended complaint does not expressly "allege that Defendant Rhoda should be estopped *from asserting the statute of limitations to Plaintiffs' claims*." Doc. #34 at 9 n.9. This Court disagrees. The amended complaint pleads that, based on Rhoda's conduct, the "Plaintiffs had no reason to believe that Defendant would fail and refuse to convey legal title to [the] property … and no reason to take legal action to protect their rights." Doc. #27 at 3. The amended complaint further alleges that "Defendant should be estopped to deny that Plaintiffs are entitled to a deed to said property." *Id*. at 4. While perhaps somewhat inartful, there can be no serious dispute that the Woolkfolks intended to plead the application of equitable estoppel with regard to the statute of limitations. Nor can there be any serious dispute Rhoda was on notice of this intent. *See* Fed. R. Civ. P. 8.

6

*Brown v. McKee*, 242 So. 3d 121, 130 (Miss. 2018) (quotation marks, citations, and alterations omitted). Generally, to satisfy this standard, a plaintiff must show that (1) he "was induced by the conduct of the defendant not to file its complaint sooner;" (2) the delay resulted in the cause of action being time barred; and (3) "the defendant knew or had reason to know that such consequences would follow" from its conduct. *Townes v. Rusty Ellis Builder, Inc.*, 98 So. 3d 1046, 1055 (Miss. 2012) (quotation marks, alterations, and footnotes omitted). Only delays caused by reasonable reliance on the defendant's conduct will justify application of the doctrine. *Id*. Representations to perform under a contract may justify equitable tolling when a plaintiff acts diligently upon realizing that the representation of performance would not be fulfilled. *Id*. at 1056. However, promises to perform under new conditions will not. *Peavey Elecs. Corp v. Baan, U.S.A., Inc.*, 10 So. 3d 945, 954–55 (Miss. Ct. App. 2009).

Here, Rhoda's acceptance of payments called for under the contract, demands that the Woolfolks pay property taxes, and statement that he was selling the property to the Woolfolks, are all actions which suggest an intent to perform under the original contract. Consistent with *Townes*, these representations of future performance support a finding that Rhoda's representations caused the Woolfolks' claims to be time barred and that Rhoda knew or had reason to know that such consequences would follow. 98 So. 3d at 1055. While this Court questions whether these facts will support the application of equitable estoppel later, it cannot hold that the allegations as pled raise *no basis* as to the doctrine's applicability so as to allow for dismissal on statute of limitations grounds. Accordingly, the Third Motion to Dismiss will be denied.

## V
### Conclusion

The First Motion to Dismiss [4] is **DENIED**; the Second Motion to Dismiss [11] is **DENIED as moot**; and the Third Motion to Dismiss [28] is **DENIED**.

**SO ORDERED**, this 19th day of September, 2019.

                                                         **/s/Debra M. Brown**
                                                         **UNITED STATES DISTRICT JUDGE**