IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**RICK WOOLFOLK and EVA K. WOOLFOLK**                                                     **PLAINTIFFS**

**V.**                                                                                                           **NO. 3:19-CV-17-DMB-RP**

**DAVID A. RHODA**                                                                                       **DEFENDANT**

## ORDER

Following dismissal of the Woolfolks' real estate contract claims against David Rhoda due to their failure to disclose such claims in bankruptcy, the Woolfolks moved for summary judgment on Rhoda's counterclaims under the contract. Because Rhoda's failure to respond to requests for admission established facts fatal to his counterclaims, summary judgment in the Woolfolks' favor will be granted.

**I**
**Procedural History**

On December 12, 2018, Rick Woolfolk and Eva Woolfolk filed a complaint against David Rhoda in the Chancery Court of Panola County, Mississippi, alleging breach of an "Agreement to Sell Real Estate" ("Contract"). Doc. #2. Rhoda, asserting diversity jurisdiction, removed the state court action to the United States District Court for the Northern District of Mississippi. Doc. #1. With leave of the Court,[1] the Woolfolks filed an amended complaint on May 10, 2019.[2] Doc. #27. The amended complaint seeks specific performance and a monetary judgment based on Rhoda's

---

[1] *See* Doc. #20.

[2] The Woolfolks initially filed an amended complaint on April 9, 2019. Doc. #21. On Rhoda's motion, United States Magistrate Judge Roy Percy struck the amended complaint because it was not the proposed amended complaint attached to the motion to amend. Doc. #26 at 2. In the May 9, 2019, order striking the amended complaint, Judge Percy allowed the Woolfolks five days to file the proposed amended complaint. *Id.*

failure to convey title to certain property as allegedly required by the Contract, as well as punitive damages and attorneys' fees based on alleged bad faith. *Id.* at PageID 234–37.

Rhoda filed an answer to the amended complaint and counterclaims on October 4, 2019. Doc. #39. Rhoda's counterclaims seek a declaratory judgment that the Contract is void; recission of the Contract—for fraud and material breach; and reformation of the Contract—for mutual mistake, fraud, and ambiguity. *Id.* at 19–27. "Additionally and alternatively," Rhoda claims entitlement to a variety of monetary damages (including punitive damages) for breach of contract, tortious breach of contract, breach of the implied covenant of good faith and fair dealing, detrimental reliance, unjust enrichment, and intentional and/or negligent infliction of emotional distress. *Id.* at 27–33.

On October 10, 2019, the Woolfolks filed a suggestion of bankruptcy stating that they had "filed a voluntary [Chapter 13] petition in the United States Bankruptcy Court for the Northern District of Mississippi" on September 29, 2016. Doc. #44 at 1. Rhoda then moved to dismiss the Woolfolks' claims on the ground that, because the claims were not disclosed to the Bankruptcy Court, they were barred by judicial estoppel.[3] Doc. #56. Finding that "each of the judicial estoppel factors [were] met," this Court dismissed the Woolfolks' claims on September 24, 2020. Doc. #81 at 7.

After Rhoda, who is now pro se,[4] failed to respond to requests for admission and refused to cooperate with the Woolfolks' counsel in advance of the final pretrial conference, United States Magistrate Judge Roy Percy ordered Rhoda to "show cause … as to why his claims should not be

---

[3] On May 13, 2020, Rhoda's attorneys moved to withdraw based on Rhoda's "failure and refusal to comply with the express terms of [their] representation agreement." Doc. #69. Judge Percy granted the motion to withdraw on June 2, 2020. Doc. #70.

[4] Doc. #76.

2

dismissed with prejudice pursuant to Federal Rules of Civil Procedure 16(f) and 41(b)" and why the facts set forth in the pretrial order prepared by the Woolfolks' counsel should not be deemed established by admission. Doc. #83 at PageID 590. Rhoda responded to the show cause order on March 25, 2021. Doc. #85.

On May 3, 2021, Judge Percy deemed certain facts "conclusively established by admission" based on Rhoda's failure to respond to the Woolfolks' requests for admission. Doc. #95 at 2–3. Subsequently, on June 3, 2021, the Woolfolks, with leave of the Court,[5] filed a motion for summary judgment on Rhoda's counterclaims. Doc. #101. Rhoda did not respond.

## II
## Standard of Review

A court shall enter summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue is genuine if the evidence is such that a reasonable factfinder could return a verdict for the nonmoving party." *Jones v. United States*, 936 F.3d 318, 321 (5th Cir. 2019) (cleaned up).

The "party seeking summary judgment always bears the initial responsibility of demonstrating the absence of a genuine issue of material fact." *Id.* (alterations omitted). When the movant would not bear the burden of persuasion at trial, he may satisfy his initial summary judgment burden "by pointing out that the record contains no support for the non-moving party's claim." *Wease v. Ocwen Loan Servicing, L.L.C.*, 915 F.3d 987, 997 (5th Cir. 2019). If the moving party satisfies his initial burden, the nonmovant "must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Jones*, 936 F.3d at 321 (cleaned up).

---

[5] Doc. #99.

## III
## Relevant Facts

Pursuant to Judge Percy's order, the following facts were admitted by Rhoda:

The property located at 308 Hightower Street, Sardis, Mississippi, is owned by Rick Woolfolk and wife, Eva K. Woolfolk.

The Woolfolks have paid David A. Rhoda the sum of $75,000.00 towards the purchase of the subject property.

The Woolfolk [sic] have made all monthly payments due to Rhoda under the subject contract through October, 2018.

During the period of time the Woolfolks were making monthly payments to Rhoda for purchasing the subject property, Rhoda owed money secured by a lien on the subject property.

The copy of the Agreement to Sell Real Estate attached as "Exhibit A" to Plaintiffs' Amended Complaint is a true and correct copy of the subject contract entered into between Rhoda and the Woolfolks and was executed by the people whose signatures appear thereon.

No rate of interest was agreed upon between Rhoda and the Woolfolks at the time of execution of the subject contract.

Rhoda failed to claim or report any payments made to him by the Woolfolks as income on his United States Federal Income Tax Return for the years 2008 until 2018.

Rhoda continued to accept monthly payments from the Woolfolks through October 2018 without in any way advising them that he did not intend to convey the subject property to them.

At no time did the Woolfolks sign any document agreeing to pay interest on the sales price of the subject property.

At the time of the execution of the contract for sale of the subject property, there was no agreement regarding interest owed to Rhoda by the Woolfolks on the purchase price.

The first conversation between Rhoda and the Woolfolks concerning interest was in the year 2014.

The subject property in its then condition was not worth $80,000.00 at the time of execution of the contract.

> The Woolfolks have made all payments on the purchase price required under the contract.
>
> The Woolfolks have fully performed all of their obligations under the subject contract and earn title to a deed to the subject property.

Doc. #95 at 2–3 (paragraph numbering omitted).

### IV
### Analysis

In seeking summary judgment on Rhoda's counterclaims, the Woolfolks argue that no material facts are at issue because "it is conclusively established that [they] did not agree to pay any interest, have paid all sums required under [the] parties [sic] agreement, and otherwise have fully performed all of their obligations under the contract, [such that] there is no cause of action of Rhoda against the Woolfolks."  Doc. #102 at PageID 695–96 (internal citations omitted).

Rhoda's deemed admissions that the contract attached to the Woolfolks' amended complaint is "a true and correct copy of the subject contract entered into between Rhoda and the Woolfolks" and that "[t]he Woolfolks have fully performed all of their obligations under the subject contract" more than satisfies the Woolfolks' initial burden of demonstrating an absence of support on Rhoda's counterclaims, which are premised on the unenforceability of the Contract. Because Rhoda has not pointed to anything which would establish a genuine issue of fact on his counterclaims, summary judgment is warranted.  *See Sangi v. Fairbanks Capital Corp.*, 219 F. App'x 359, 361–62 (5th Cir.2007) (affirming grant of summary judgment where district court "acknowledged that the motion was unopposed [and] granted summary judgment on the basis that the [plaintiffs] had not established a fact issue on an essential element of their case").

5

## V
## Conclusion

The Woolfolks' motion for summary judgment [101] is **GRANTED**. A final judgment will issue separately.

**SO ORDERED**, this 6th day of August, 2021.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**